91 F.3d 151
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guang Ming CHEN; Feng Hai Chen, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70709.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1996.*
Decided July 5, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioners Feng Hai Chen and Guang Ming Chen, natives and citizens of China, petition for review of the final order of deportation of the Board of Immigration Appeals ("the BIA"). They seek asylum under 8 U.S.C. § 1158(a) based on their pro-democratic political beliefs, their involvement in a local pro-democracy organization in their native village of Taishan, Guangdong Province, and their participation in a June 1989 anti-government demonstration there. Fearing they faced arrest for their participation in the demonstration, petitioners obtained travel documents and left China, eventually making their way to the United States.
 
 
 3
 Petitioners applied for asylum and for voluntary departure in the alternative. The Immigration Judge (IJ) denied their petitions for asylum, concluding that they lacked a well-founded fear of future persecution, but granted them voluntary departure. The BIA reviewed the IJ's decision de novo and affirmed it. We have jurisdiction pursuant to 8 U.S.C. § 1105a. For the reasons discussed below, we deny the petition.
 
 Analysis
 
 4
 Where the BIA has undertaken a de novo review of the IJ's decision, we are limited to reviewing the decision of the BIA. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993). The BIA's determination that petitioners are ineligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To establish eligibility for asylum, an alien must show he is unable or unwilling to return to his native country because he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A) & 1158(a). Once eligibility is established, it is within the Attorney General's discretion whether or not to grant asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 428 n. 5 (1987).
 
 
 6
 In this case, petitioners base their application for asylum solely on their assertion that they have a well-founded fear of future persecution. The well-founded fear of future persecution standard has both a subjective and an objective component. Acewicz, 984 F.2d at 1061 (citation omitted). The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution. Id. (citing Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992)). The objective component requires a showing of "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution on the relevant ground." Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (citation omitted).
 
 
 7
 The BIA concluded that petitioners failed to adduce evidence supporting an objectively reasonable fear of future persecution. The BIA based its conclusion in part on a 1994 United States Department of State report entitled China--Comments on Country Conditions and Asylum Claims. The BIA may rely on the State Department's country reports and advisory opinions, although the petitioner is entitled to review and respond to any such report. Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995). The State Department report supports the BIA's denial of asylum in this case because it indicated that most of those arrested following the 1989 pro-democracy demonstrations had been released, and noted that in Guangdong Province, the initial "crackdown" in the wake of the 1989 protests had been "relatively mild" and had resulted in only a few arrests. This evidence of conditions in petitioners' native province of Guangdong, coupled with petitioners' ability to obtain the documents necessary to leave China, supports the BIA's conclusion that petitioners failed to establish an objective basis for a fear of future persecution.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3